NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE EDUARDO MORALES-LOPEZ, AKA Jose Eduardo Morales,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-74465<br><br>Agency No. A029-275-667<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010 [**]

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Jose Eduardo Morales-Lopez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review questions of law de novo, *see, e.g.*, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review factual findings for substantial evidence.  *See, e.g.*, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006).  We deny the petition for review.

We reject Morales's claim that he is eligible for asylum and withholding of removal based on his membership in a particular social group, namely, people who have lived in the United States, are perceived as wealthy, and are parents of children who are United States citizens.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010); *Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005); *In re A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 76 (BIA 2007).  Accordingly, we deny Morales's petition as to his asylum and withholding-of-removal claims.  *See, e.g.*, *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution.").

We also deny Morales's petition as to his unsupported claim for protection under the Convention Against Torture.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747–48 (9th Cir. 2008).

2

**PETITION FOR REVIEW DENIED.**